|   |   |
|---|---|
| 1 |   |
| 2 |   |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

```
TONY JOSEPH BOUSTANY,           )
                                )
         Petitioner,            )
                                )
    v.                          )   CIV 06-01990 PHX JAT (MEA)
                                )
ALBERTO R. GONZALES, United     )   REPORT AND RECOMMENDATION
States Attorney General,        )
PHILIP CRAWFORD, THOMAS A.      )
LONG,                           )
                                )
         Respondents.           )
_____ )
```

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Tony Boustany, ("Petitioner"), who is detained at the Eloy Detention Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 17, 2006. Pursuant to the Court's order of September 1, 2006, Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus (Docket No. 8) on September 29, 2006. Petitioner filed a reply to the government's response on October 12, 2006. See Docket No. 9.

**I.  Procedural History**

Petitioner is a native and citizen of Lebanon, admitted to the United States as a conditional resident on June 17, 2002, by application of his wife, a United States citizen. See Response to Petition for Writ of Habeas Corpus ("Response"),

Exh. 1. Petitioner's conditional status was contingent on the filing of a "I-751" joint petition to remove the conditions of his residency. Id., Exhs. 1 & 2. Respondents terminated Petitioner's conditional residency status on September 8, 2004. See id., Exh. 4. On October 26, 2004, Petitioner was convicted by the State of California of grand theft and sentenced to a term of 16 months imprisonment. Id., Exh. 5.

On January 9, 2006, the Department of Homeland Security issued a Notice to Appear charging Petitioner with being removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) (section 237(a)(2)(A)(i) of the Immigration and Nationality Act), as an alien who had committed a crime of moral turpitude committed within five years of admission for which a sentence of a year or more could be imposed. See id., Exh. 2. Petitioner was taken into ICE custody at that time. Id., Exh. 2.

On January 19, 2006, a hearing was conducted before an Immigration Judge. See id., Exh. 3 & Exh. 6. Petitioner admitted the factual allegations regarding his admission to the United States as a conditional resident, and admitted his default of that residency status, and admitted that he had been convicted as stated supra. Id., Exh. 6. Petitioner expressed no fear of persecution if removed to Lebanon. Id., Exh. 6. After reviewing written arguments and evidence submitted by the parties, the ("IJ") concluded Petitioner had been convicted of the charges specified in the Notices to Appear and found that Petitioner was removable pursuant to the sections of the Immigration and Nationality Act ("INA") cited by Respondents.

See id., Exh. 6.  Petitioner did not apply for relief from the IJ's decision in the form of applying for withholding of removal or an application for asylum.  Both Petitioner and Respondents waived appeal of the IJ's decision.

Respondents proceeded to effectuate Petitioner's removal.  See id., Exhs. 7-11.  On July 13, 2006, the Lebanese consulate informed Respondents a travel document would be issued to Petitioner after the Department of Homeland Security supplied a travel itinerary, fingerprints, a money order for the travel document, information regarding any accompanying Department of Homeland Security agent, and a self-addressed stamp-envelope.  Id. Exh. 12.

Petitioner asserts his continued detention, although he "has served his sentence or is entitled to mandatory release" violates his constitutional rights. Petition at 5.  Petitioner asserts he has been detained since January 10, 2006.  Id. Petitioner also contends he has fully cooperated with Respondents in effectuating his removal.  Id.  Petitioner asserts the situation in Lebanon regarding the conflict between Israel and Hezbollah makes his removal in the foreseeable future unlikely.  Id., Attach.  Although Petitioner asserts he is now afraid of returning to Lebanon, the only relief sought in the petition is Petitioner's release from detention.  Id.[1]

---

[1] Attached to the petition for habeas relief is a letter from Respondent Crawford indicating ICE had determined Petitioner is a flight risk.  Petition, Attach.  The letter, dated April 25, 2006, also states that, if Petitioner was not removed prior to July 19, 2006, decisions regarding his detention would be assumed by Headquarters Post Order Unit of ICE.  See id., Attach.

-3-

1     Respondents aver that Petitioner's removal has not been
2 effectuated because flights to Lebanon have been restricted.
3 Id. at 3.  Respondents aver that "Petitioner will be on a flight
4 returning him to Lebanon within the first few weeks of October."
5 Id. at 3, Exh. 13.
6     Petitioner asserts that, although he had no fear of
7 being removed to Lebanon in January of 2006, "the current
8 situation in his country and the unstable nature of relations
9 between [Israel] and Hezbollah have raised new concerns
10 regarding Petitioner's safety upon his return." Docket No. 9.
11 Petitioner alleges he has been cooperative in facilitating his
12 removal, asserting he had his brother bring his passport from
13 Lebanon to the United States.  Id.  Petitioner states he has
14 "been detained now for nearly 9 months, well beyond a
15 'reasonable' period" and asks the Court to "order his release in
16 the even that ICE cannot procure his removal by their projected
17 deadline of October."  Id.
18     **II.  Analysis**
19     This Court may issue a writ of habeas corpus to an
20 alien detainee who is "in custody in violation of the
21 Constitution or laws or treaties of the United States."  28
22 U.S.C. § 2241(c)(3) (1994 & Supp. 2006).
23     Section 241 of the INA, codified at 8 U.S.C. § 1231,
24 applies to the detention of aliens who are being held pursuant
25 to an administratively final order of removal.  This section
26 states: "Except as otherwise provided in this section, when an
27 alien is ordered removed, the Attorney General shall remove the
28 alien from the United States within a period of 90 days (in this

section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A) (2005 & Supp. 2006).

> [a]n alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period ...*

The immigration statutes also provide that

Id. at § 1231(a)(6) (emphasis added).

In Zadvydas v. Davis, 121 S. Ct. 2491 (2001), the Supreme Court examined section 1231 to determine whether aliens may be detained *indefinitely* beyond the removal period, pending their deportation. The Supreme Court concluded that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." Id. at 2498. To avoid the constitutional difficulty, the Court decided to read an implicit time limitation into section 1231(a)(6), and determined that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. The Supreme Court concluded that, if removal of an alien is not "reasonably foreseeable," a court should hold that his continued detention is unreasonable and order his release. Id. at 2504. The Court determined that six months was the presumptive limit on the "reasonably necessary" period of time to detain an alien beyond the removal period. See id. at 2505.

> In Zadvydas, the [United States Supreme] Court ... held that following issuance of a final order of removal there is a "presumptively reasonable" period of six

-5-

> months during which the INS may continue to detain an alien it is seeking to remove. *Thereafter detention is lawful only if there is a "significant likelihood of removal in the reasonably foreseeable future."...*
> After [the expiration of the presumptively reasonable 6-month, post-removal] period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the "reasonably foreseeable future."

<u>Kim Ho Ma v. Ashcroft</u>, 257 F.3d 1095, 1098 (9th Cir. 2001), <u>modifying</u> and <u>reinstating</u> <u>Kim Ho Ma v. Reno</u>, 208 F.3d 215 (2000) (emphasis added and internal citations omitted). <u>See</u> <u>also</u> <u>Clark v. Martinez</u>, 543 U.S. 371, 386, 125 S. Ct. 716, 727 (2005); <u>Morales-Fernandez v. INS</u>, 413 F. 3d 1116, 1124 (10th Cir. 2005).

Respondents contend Petitioner's continued detention pending removal is legitimate because Petitioner will be removed to Lebanon in the reasonably foreseeable future. The burden of showing that there is no significant likelihood that a habeas petitioner will be removed in the reasonably foreseeable future rests with the petitioner seeking habeas relief. <u>See</u> <u>Khan v. Fasano</u>, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001). A petitioner may make such a showing by establishing that there is an "institutional barrier" to his repatriation, i.e., that the country of removal does not have an agreement with the United

States to accept repatriation of its nationals. See Kim Ho Ma v. Ashcroft, 257 F.3d 1095, 1115 (9th Cir. 2001) (concluding that because the United States had no functioning repatriation agreement with Cambodia, the designated country of removal, and because that the Cambodian government did not accept the return of its nationals from the United States, there was no reasonable likelihood that the INS would be able to accomplish the petitioner's removal in the reasonably foreseeable future); Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002). Petitioner has not produced evidence of an "institutional barrier" prohibiting his return to Lebanon.

Additionally, it appears Petitioner's habeas petition is premature. Petitioner was ordered removed from the United States on January 19, 2006, a decision he did not appeal. The ninety-day "removal period" concluded on or about April 18, 2006. The six-month post-removal period of presumptively allowable detention expires with regard to Petitioner on or about October 18, 2006. Petitioner has not been detained beyond the presumptively reasonable period that Respondents may detain Petitioner pending his removal.

### III.   Conclusion

The Court concludes that, because Petitioner has not been detained beyond the period presumptively allowed to effectuate his removal, Petitioner's detention does not, at this point in time, violate his constitutional rights or federal immigration statutes.

**IT IS THEREFORE RECOMMENDED** that Mr. Boustany's Petition for Writ of Habeas Corpus be **denied and dismissed** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 17th day of October, 2006.

_____
Mark E. Aspey
United States Magistrate Judge